1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUCHELL CINQUE MAGEE,                    No.  2:17-cv-1330 AC P

12                  Petitioner,

13        v.                                   ORDER

14   J. GASTELLO,

15                  Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

19        Petitioner appears to challenge the execution of his sentence.  The general rule with regard

20   to habeas applications is that both the United States District Court in the district where petitioner

21   was convicted and the District Court where petitioner is incarcerated have jurisdiction over the

22   claims.  Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).  Additionally, "[t]he proper

23   forum to challenge the execution of a sentence is the district where the prisoner is confined."

24   Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  Since petitioner was not convicted in this

25   district,[1] and is not presently confined here, this court does not have jurisdiction to entertain the

26   application and will transfer the petition to the proper court.  He is presently incarcerated at

27   ─────────────────────

28   [1]  The underlying conviction occurred in Santa Clara County.  ECF No. 1 at 1.

                                          1

California Men's Colony in San Luis Obispo County, which lies in the Central District of California. 28 U.S.C. § 84(c).

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California. 28 U.S.C. § 2241(d); 28 U.S.C. § 1406(a).

DATED: July 12, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE